

|  |  |
|---|---|
| **Christopher Adams**<br>Partner<br>T. 973-639-2059<br>F. 973-624-7070<br>cadams@mccarter.com | McCarter & English, LLP<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102-4056<br>www.mccarter.com |

VIA PACER/ECF

September 30, 2025

Hon. Michael A. Shipp, U.S.D.J.
United States District Court, DNJ
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:   *United States v. Enrico (Rick) Cifelli*
         *Docket No.: 3:22-cr-00172 (MAS)*

Dear Judge Shipp:

This firm represents Enrico Cifelli ("Mr. Cifelli" or "Defendant") in the above-captioned matter.  Mr. Cifelli was indicted in 2022 by a federal grand jury on various tax- and property-related crimes.  Trial is scheduled to begin on January 12, 2026.

We submit this Letter Brief on Mr. Cifelli's behalf to challenge the authority of Alina Habba ("Habba"), the Acting United States Attorney for the District of New Jersey, and any Assistant United States Attorney acting on Habba's behalf, and for a continuance of the trial date while Habba continues to act unconstitutionally as the United States Attorney. For the reasons that follow, the Court should disqualify the United States Attorney's Office from prosecuting its case against Mr. Cifelli and enter an order adjourning the January 12, 2026 trial date until the issue is resolved.

**STATEMENT OF RELEVANT FACTS**

On March 3, 2022, Mr. Cifelli was indicted on seven counts related to alleged conduct between 2012 and 2017 that arose from a certain property transaction in New Jersey. (ECF No. 1.)  On April 28, 2022, Mr. Cifelli was indicted by a superseding indictment on seven counts related to the same. (ECF No. 19.)  On May 11, 2022, Mr. Cifelli pled not guilty to all counts in the superseding indictment. (ECF No. 21.)  On April 13, 2025, Matthew Belgiovine ("AUSA Belgiovine"), Assistant United States Attorney,

ME1\58147617.v1

entered his appearance on behalf of Habba and Todd Blanche, the United States Deputy Attorney General. (ECF No. 54.) Also representing the United States of America on behalf of Habba is Elisa T. Wiygul ("AUSA Wiygul"). Trial is scheduled to begin with jury selection on January 12, 2026. (ECF No. 55.)

Notably, and relevant here, a brief summary of the facts pertaining to Habba's authority is warranted. On March 3, 2025, after Philip Sellinger's resignation, John Giordano ("Giordano") was appointed Interim United States Attorney by Attorney General Pamela Bondi.[1] Shortly thereafter, Habba was appointed Interim United States Attorney for the District of New Jersey on March 28, 2025. Habba's appointment ended 120 days following the appointment of Giordano on July 1, 2025 pursuant to 28 U.S.C. § 546(c)(2).[2] On July 22, 2025, pursuant to 28 U.S.C. § 546(d),[3] the United States District Court for the District of New Jersey appointed Desiree Grace ("Ms. Grace") as United States Attorney. On July 24, 2025, Habba was appointed Special Attorney and First Assistant United States Attorney. On July 26, 2025, President Donald J. Trump terminated Grace from her position, whereby Habba unlawfully acquired the position of United States Attorney for the District of New Jersey.

---

[1] Vikas Khanna, the First Assistant to Philip Sellinger, became the Acting United States Attorney on January 8, 2025, upon Philip Sellinger's resignation.

[2] 28 U.S.C. § 546(c)(2) provides that "[a] person appointed as United States attorney under this section may serve until the earlier of—(2) the expiration of 120 days after appointment by the Attorney General under this section."

[3] 28 U.S.C. § 546(d) provides that "[i]f an appointment expires under subsection (c)(2), the district court for such district may appoint a United States attorney to serve until the vacancy is filled."

## LEGAL ARGUMENT

The Court should disqualify the United States Attorney's Office from prosecuting Mr. Cifelli because Habba is unconstitutionally acting as the Interim United States Attorney for the District of New Jersey and infringing on Mr. Cifelli's constitutional rights.

### POINT I

### Habba Is Not Lawfully Appointed United States Attorney and Her Continued Supervision of This Case Is Unconstitutional

As an initial matter, Habba is not duly authorized to act in any capacity as the United States Attorney for the District of New Jersey and her continued supervision over AUSA Belgiovine and AUSA Wiygul in the prosecution of Mr. Cifelli is unconstitutional.

On August 21, 2025, Chief Judge Matthew W. Brann of the United States District Court for the Middle District of Pennsylvania unequivocally held that Habba was exercising her functions as United States Attorney for the District of New Jersey "without lawful authority" and any such action made by her "may be declared void." *United States v. Giraud*, Crim. No. 24-768, 2025 WL 2416737, at *1 (D.N.J. Aug. 21, 2025). The Court held that Habba was unlawfully appointed Special Attorney and First Assistant, and "unlawfully delegated all of the powers of the United States Attorney." *Id.* at *28. Specifically, the Court concluded that on July 1, 2025, once the 120-day statutory period expired under 28 U.S.C. § 546(c)(2), Habba was not "statutorily eligible to perform the functions and duties of the office of the United States Attorney." *Id.* at *9. In addition to the Court's clear holding that Habba was unconstitutionally performing the role of United States Attorney, the Court concluded that nearly every action of the federal government as it pertained to Habba's authority was unconstitutional or violated some federal statute. *See id.* at *15 ("[T]he Executive may not appoint a first assistant after the vacancy and have that

3

person begin performing the functions and duties of the vacant office"); *see also id.* at *20 (noting that "Ms. Habba has been delegated all of the powers of the United States Attorney [despite being labeled a Special Attorney] and is [unconstitutionally] acting on a level equal to one holding the office").

In light of Chief Judge Brann's decision and the fact that the Assistant United States Attorneys assigned to prosecute this matter continue to act on behalf of Habba, the Court should disqualify them and any subsequent United States Attorney seeking to act on Habba's behalf. *See id.* at *30 ("Any Assistant United States Attorney who prosecutes [defendants] under the supervision or authority of Ms. Habba in violation of [this] Order is similarly subject to disqualification."). In this case, it is clear that the United States Attorney's Office for the District of New Jersey continues to act on Habba's behalf as evidenced by her name and signature on 1) AUSA Belgiovine's August 13, 2025 Notice of Appearance (ECF No. 54), 2) AUSA Wiygul's July 7, 2025 Letter to the Court requesting a *Frye* hearing (ECF No. 51), and 3) AUSA Wiygul's September 12, 2025 Letter to Counsel regarding *Bruton*[4] disclosures. As Chief Judge Brann concluded, any action taken after July 1, 2025, the date where Habba unlawfully assumed the role of United States Attorney, is unconstitutional and shall be deemed void. Accordingly, trial—which is scheduled for January 12, 2026—must be adjourned. To be clear, the undersigned does not seek dismissal of Mr. Cifelli's indictment. The undersigned simply requests a continuance of the trial date and an order that the United States Attorney's Office be disqualified from prosecuting this case should it continue to act on behalf of Habba.

---

[4] *Bruton v. United States*, 391 U.S. 123 (1968).

**POINT II**

**Habba's Continued Supervision is Unconstitutional Under the Federal Vacancies Reform Act**

Likewise, as Chief Judge Brann held, Habba's continued supervision of Mr. Cifelli's prosecution is unconstitutional and violates the Federal Vacancies Reform Act ("FVRA"), 5 U.S.C. § 3345, *et seq.* The FVRA provides that "[i]f an officer of an Executive agency . . . whose appointment to office is required to be made by the President, by and with the advice and consent of the Senate, dies, resigns, or is otherwise unable to perform the functions and duties of the office, . . . the first assistant to the office of such officer shall perform the functions and duties of the office temporarily in an acting capacity." 5 U.S.C. §§ 3345(a), (a)(1). Chief Judge Brann held that under this statute, "the Executive may not appoint a first assistant after the vacancy and have that person begin performing the functions and duties of the vacant office." *Giraud*, 2025 WL 2416737 at *15.

Consequently, Habba's supervision of Mr. Cifelli's case not only continues to violate Section 3345(a)(1) of the FVRA—given that a first assistant can only take the office in an acting capacity if the person was first assistant at the time the vacancy occurs, which was not the case here—but also violates subsection (b)(1) of the FVRA, which "prohibit[s] any person who has been nominated to fill any vacant office from performing that office's duties in an acting capacity." *N.L.R.B. v. SW Gen., Inc.*, 580 U.S. 288, 304 (2017). Chief Judge Brann never addressed whether Habba's re-appointment violated Section 3345(b)(1) in light of his conclusion that she was ineligible to serve as United States Attorney under subsection (a)(1). *See Giraud*, 2025 WL 2416737, at *13 ("The Court agrees with the defendants on the first issue and, having found that Ms. Habba's appointment violates the

5

FVRA, does not reach the second."). Nonetheless, this Court should affirmatively find Habba and the Assistant United States Attorneys acting on her behalf ineligible and disqualified under both Sections 3345(a)(1) and (b)(1).

Accordingly, because the Assistant United States Attorneys assigned to this case continue to act on behalf of Habba, they should be disqualified and trial should be adjourned.

## POINT III

### Ms. Habba's Continued Supervision Over Mr. Cifelli's Prosecution Violates the Separation of Powers Doctrine

In addition to the above, the framework of the FVRA is "designed to carefully balance the separation of powers and prevent 'one branch's aggrandizing its power at the expense of another branch' while at the same time ensuring that the work of Government gets done." *Giraud*, 2025 WL 2416737, at *5 (quoting *Freytag v. Comm'r of Internal Revenue*, 501 U.S. 868, 878 (1991)). By appointing Habba Special Attorney and First Assistant on July 24, 2025, after she was lawfully replaced by Ms. Grace, the Executive Branch has unconstitutionally attempted to circumvent the text and purpose of 28 U.S.C. § 546(d), which expressly delegates to the United States District Court the power to appoint a United States Attorney upon the expiration of 120 days after appointment by the Attorney General. The Executive Branch has thus violated the separation of powers doctrine, and continues to do so by Habba's unconstitutional and unlawful supervision over Mr. Cifelli's prosecution.

## POINT IV

### Ms. Habba and the Assistant United States Attorneys Acting on Her Behalf Continue to Violate Defendant's Due Process Rights

Lastly, Habba's continued supervision over Mr. Cifelli's case violates his constitutional due process rights, including the right to be prosecuted only by a validly authorized United States Attorney. Not only does Habba's supervision of Mr. Cifelli's case impede and undermine his due process rights, the Assistant United States Attorneys' alleged supervision by Todd Blanche—as indicated by his name on various submissions to the Court and the undersigned—also violates Mr. Cifelli's fundamental due process rights. There is no indication that the Assistant United States Attorneys communicated with Todd Blanche specifically about Mr. Cifelli's case and whether he is lawfully supervising them in these affairs.

## CONCLUSION

For the foregoing reasons, the Court should disqualify the United States Attorney's Office from prosecuting Mr. Cifelli and adjourn the January 12, 2026 trial date until a validly authorized United States Attorney supervises the prosecution of Mr. Cifelli's case. Respectfully, this Motion should be granted.

Respectfully yours,

Christopher D. Adams